1   Brett L. Gibbs, Esq. (SBN 251000)
    Of Counsel for Prenda Law Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4
    *Attorney for Plaintiff*
5

6

7                 IN THE UNITED STATES DISTRICT COURT FOR THE

8                     NORTHERN DISTRICT OF CALIFORNIA

9

10  AF HOLDINGS LLC,                    )    **No. 4:12-CV-3248-PJH**
                                        )
11                  Plaintiff,          )    **PLAINTIFF'S CASE MANAGEMENT**
        v.                              )    **CONFERENCE STATEMENT**
12                                      )
    JOHN DOE,                           )
13                                      )
                    Defendant.          )
14  _____)

15          **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT**

16          Plaintiff AF Holdings LLC, by and through its counsel of record, hereby submits this Case

17  Management Conference Statement pursuant to the Court's recent Order extending the Case

18  Management Conference (ECF No. 13), and Northern District of California Civil Local Rule

19  (hereinafter "L.R.") 16-9(a).[1]

20  **1. Jurisdiction and Service:**

21          Per L.R. 3-5, and as alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal

22  subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*,

23  (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal

24  question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C.

25  § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to

26  copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28

27

28  _____
    [1] Per L.R. 16-9, a joint statement could not be attained because Plaintiff is in the process of serving the Defendant at this time, and has not been able to contact Defendant and/or alert him of the upcoming case management conference and its requirements. *See* Exhibit A is the Declaration of Brett L. Gibbs.

U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution. As John Doe has not been identified or served, he or she has not made any counterclaims in this matter.

This Court has personal jurisdiction over all of the parties because, upon credible information and belief gathered by Plaintiff, John Doe either resides or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address used by John Doe to a point of origin within the State of California. Thus, there are no actual or potential personal jurisdiction issues in this case.

On June 30, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8). Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery was granted on July 2, 2012 (hereinafter the "July 2 Order"), and a subpoena for identifying information regarding the individual associated with the Internet Protocol ("IP") address 99.108.164.117 was issued to the Internet Service Provider ("ISP") AT&T Internet Services ("AT&T"). Plaintiff served that subpoena on AT&T shortly after the July 2 Order granted Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery. AT&T provided this information. Since then, through its investigation, Plaintiff recently has been able to identify the Defendant in this case. Plaintiff plans to amend the Complaint to name this individual. Once that is completed, Plaintiff will name and serve him, and proceed with this case.

**2. Facts:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant John Doe is an anonymous alleged copyright infringer. Plaintiff believes that certain facts in this case, including the following, are undisputed at this time. Defendant John Doe, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. John Doe operated under the cover of a network address when he joined a common swarm composed of

fellow infringers, who downloaded the same exact file and unlawfully distributed Plaintiff's copyrighted works amongst one another. Due to the quasi-anonymous fashion in which John Doe conducted himself online, Plaintiff is unaware of John Doe's actual identifying information—including his name, address, telephone, and Media Access Control ("MAC") information.

Through unique proprietary software, Plaintiff's agents identified the infringer by a unique IP address, assigned to him/her by his/her ISP on the date and at the time of the infringer's infringing activity. (ECF No. 8-1 ¶¶ 16, 27.) While these were not the only times of John Doe's infringing activities, this was a snapshot of such activities personally observed by Plaintiff's technicians and recorded. (ECF No. 8-1 ¶ 27.) Plaintiff, by and through its investigators, also made a copy of substantial portions of the copyrighted work that John Doe unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such files contained the work that was subject to Plaintiff's copyright. (ECF No. 8-1 ¶ 25.) A technician collected this data through systems and procedures specifically designed to ensure that the information gathered on John Doe was accurate. (ECF No. 8-1 ¶¶ 14-26.) Through Plaintiff's agents' work, it is overwhelmingly clear that John Doe, using the IP addresses 99.108.164.117, unlawfully downloaded Plaintiff's copyrighted works on the Internet via BitTorrent. (*Id.*)

**3. <u>Legal Issues</u>:**

Plaintiff believes that it states a *prima facie* case for copyright infringement.

**4. <u>Motions</u>:**

On June 30, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (ECF No. 8.) On July 2, 2012, the Court granted that Application. (ECF No. 9.)

**5. <u>Amendment of Pleadings</u>:**

Plaintiff plans on filing an Amended Complaint naming the Defendant in the near future.

**6. <u>Evidence Preservation</u>:**

Plaintiff's agents at 6881 Forensics, LLC ("6881") engaged in real time monitoring of John Doe's infringing activity on BitTorrent using its proprietary software. 6881's proprietary software is effective in capturing granular-level data about the activity of peers in a swarm and their infringing

conduct. (ECF No. 8-1 ¶ 16.) 6881's processes are designed to ensure that information gathered about John Doe is accurate. (*Id.*) Once gathered and it is determined that the information is relevant to an upcoming case, this information is stored by 6881 for trial. (ECF No. 8-1 ¶¶ 26-27.)

**7. <u>Disclosures</u>:**

Plaintiff is in the process of formulating and filing initial disclosures.

**8. <u>Discovery</u>:**

Plaintiff served its subpoena for identifying information regarding AT&T's subscriber issued with the IP address 99.108.164.117 on July 3, 2012. AT&T has produced the subscriber relating to that IP address to Plaintiff. Plaintiff will need further discovery in this case, including, but not limited to, depositions of Defendant and relevant third parties, interrogatories, production, and requests for admissions.

**9. <u>Class Actions</u>:**

Not applicable.

**10. <u>Related Cases</u>:**

Not applicable.

**11. <u>Relief</u>:**

Plaintiff prays for the following relief in this case, as fully outlined in its Complaint: (1) That the Court enter a written judgment declaring that John Doe infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501, and that such infringement was willful; (2) That the Court enter a written judgment declaring that John Doe has injured the business reputation and business of Plaintiff by John Doe's acts and conduct set forth in this Complaint; (3) That the Court issue injunctive relief against John Doe, enjoining and restraining John Doe from further violating Plaintiff's copyrighted works, and further issue an order impounding or requiring John Doe to destroy all copies of those unlawfully copyrighted files in John Doe's possession, custody, and/or control pursuant to 17 U.S.C. §§ 503 & 509(a); and (4) That the Court enter a written judgment in favor of the Plaintiff against John Doe for actual damages pursuant to 17 U.S.C. § 504(a) or statutory

damages up to one-hundred and fifty-thousand dollars ($150,000) pursuant to 17 U.S.C. § 504(b), at the election of Plaintiff, in an amount to be ascertained at trial.

**12. Settlement and ADR:**

Currently, there is no ADR phone conference set in this case. A conference seems inappropriate considering that Plaintiff is the only party at this time.

**13. Consent to Magistrate Judge For All Purposes:**

Not applicable.

**14. Other References:**

None.

**15. Narrowing of Issues:**

Plaintiff would be more than happy to narrow the issues in this case. Plaintiff believes that this could expedite this case, and lead to a fair and economic result.

**16. Expedited Schedule:**

Plaintiff has no objection to this case being handled in an expedited manner.

**17. Scheduling:**

Without John Doe being involved in this process, any scheduling would be impossible to map out at this point.

**18. Trial:**

Again, at this point, without John Doe being involved in this process, it would be hard for Plaintiff to guess as to how long a trial of this case will take. Should the Court require that guess, Plaintiff is willing to estimate two full days.

**19. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff has filed its Certification of Interested Entities or Persons. (ECF No. 2.)

Plaintiff believes there are no known persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (other than the parties themselves) that may have a personal or affiliated financial interest in this subject matter in controversy, or any other

kind of interest that could be substantially affected by the outcome of the proceedings other than the parties.

**20. Other Matters:**

　　　Plaintiff believes that a Case Management Conference currently scheduled is unnecessary at this time as there is nothing substantive to report that is outside of the matters discussed herein. Should the Court require one, Plaintiff would request that the Court allow its attorney, who lives in Marin County, to participate via telephone conference.


Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　PRENDA LAW INC.,

**DATED: November 22, 2012**

　　　　　　　　　　　　　　　　By:　　/s/  Brett L. Gibbs, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　

　　　　　　　　　　　　　　　　　　　Brett L. Gibbs, Esq. (SBN 251000)
　　　　　　　　　　　　　　　　　　　Of Counsel to Prenda Law Inc.
　　　　　　　　　　　　　　　　　　　38 Miller Avenue, #263
　　　　　　　　　　　　　　　　　　　Mill Valley, CA 94941
　　　　　　　　　　　　　　　　　　　blgibbs@wefightpiracy.com
　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 22, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

　　　　　　　　　　　　　　　　　　　/s/ Brett L/ Gibbs
　　　　　　　　　　　　　　　　　　　Brett L. Gibbs, Esq.

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT　　　　　No. C-12-3248 PJH